IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50570
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-117-2
--------------------
January 29, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Elias Torres appeals his guilty-plea conviction for
possession with intent to distribute marijuana in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(B).  He contends that the district
court erred by denying his motion to suppress evidence found by
Border Patrol Agents in the trunks of two inoperable automobiles
that were located on property owned by his parents within 25
miles of the border.  Torres argues, contrary to the articulation
of the border patrol agents, that there were no exigent

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

circumstances justifying the warrantless search of the two vehicles, and that, in the absence of exigent circumstances, the search was not authorized by 8 U.S.C. § 1357. We disagree.

A border patrol agent testified that he followed tracks from the border area to the trunk of a "junked" vehicle and that the trunk appeared to have been opened recently. He testified that, on three previous occasions, he had discovered illegal aliens hiding in the trunks of vehicles, and he had experience with aliens remaining to protect narcotics. Based on findings that the border patrol agents were concerned for their safety and could reasonably believe that persons may have been inside the trunk and possibly in need of medical assistance, the district court concluded that exigent circumstances existed. Even if we assume, without deciding, that Torres had a reasonable expectation of privacy in the vehicles and the property, we are convinced that the district court's finding of exigent circumstances based on the need to ensure that no one suffered harm or injury was not clearly erroneous. See United States v. Blount, 123 F.3d 831, 837 (5th Cir. 1997); United States v. Vasquez, 953 F.2d 176, 179 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.